# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,     :    Case No. 3:08-cr-041(1)
                  Also 3:10-cv-285

                 District Judge Thomas M. Rose
    -vs-           Magistrate Judge Michael R. Merz
               :

CELIA RUIZ-OCHOA,

     Defendant.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court for initial review of Defendant's Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. No. 198).    All § 2255 motions filed at Dayton are referred to a United States Magistrate Judge under the Dayton General Order of Assignment and Reference.

The docket in this case shows that Defendant's sentencing hearing was held on January 6, 2009, and the judgment complained of was entered two days later, January 8, 2009 (Doc. Nos. 141, 142). In her Motion, Defendant avers that she appealed from that judgment twice – both times to this Court – and was denied on appeal on August 28, 2009, and February 15, 2009 (Motion, Doc. No. 198, PageID 641). No documents appear of record to reflect any such "appeals" on either date. More importantly, Defendant does not claim and the record does not reflect that she has ever taken an appeal to the United States Court of Appeals for the Sixth Circuit, the appellate court which has jurisdiction over appeals from this Court.

§905 of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) amended 28 U.S.C. §2255 to add the following:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

At the time Defendant was sentenced, Fed. R. App. P. 4(b)(2) required that a notice of appeal be filed not later than ten days after judgment.  Excluding the intervening Saturdays, Sundays, and legal holidays, Defendant's last day on which to take an appeal was January 23, 2009, but she did not appeal.  Therefore her conviction became final on that date and the one-year statute of limitations began to run, expiring January 24, 2010.

Defendant did not file her § 2255 Motion until July 19, 2010[1].  It is therefore barred by the statute of limitations and should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1]Petitioner purportedly signed the § 2255 Motion on May 5, 2010.  Even if she gave it to prison authorities to mail that date and thus would be entitled to May 5 as the filing date under the "mailbox" rule, May 5 was also well outside the statute of limitations.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).